NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LARRY A. GRISWOLD,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2014-3186

---

Petition for review of the Merit Systems Protection Board in No. DE-0842-13-0232-I-1.

---

Decided: January 12, 2015

---

LARRY A. GRISWOLD, of Colorado Springs, Colorado, pro se.

JESSICA R. TOPLIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before NEWMAN, REYNA, and HUGHES, *Circuit Judges.*

PER CURIAM.

Larry Griswold appeals the decision of the Merit Systems Protection Board ("MSPB" or "Board") affirming the Office of Personnel Management's ("OPM") decision to exclude his military service from the calculation of his annuity supplement. For the following reasons, we *affirm.*

BACKGROUND

Mr. Griswold served the Federal Government in both civilian and military capacities. From May 1966 until October 1966, he was employed as a civilian with the Department of the Army. During this time he was covered by the Civil Service Retirement System. Mr. Griswold later served as an enlisted member of the Army for a total of twelve and a half years. After leaving the Army, Mr. Griswold obtained employment with the Department of Commerce, where he remained in service from February 1984 to January 2003. During his employment with the Department of Commerce, Mr. Griswold was covered by the Federal Employee's Retirement System ("FERS") and made the necessary deposit to have his prior military service count toward his FERS basic annuity computation. Mr. Griswold retired at age 55.

Upon his retirement, OPM notified Mr. Griswold that he was to receive an annuity supplement, in addition to his basic annuity, until such time as he became eligible for Social Security benefits. J.A. 23-24. Mr. Griswold requested an audit of his annuity supplement calculation. OPM affirmed the original calculation and responded that Mr. Griswold's military service did not count toward his annuity supplement calculation. J.A. 25-26. Mr. Griswold subsequently requested that OPM review his annuity supplement calculation a number of times, and each

time OPM denied his request, affirming its initial decision.  J.A. 27-34.

Mr. Griswold appealed to the MSPB.  Both the administrative judge and the Board affirmed OPM's decision, finding that OPM properly excluded Mr. Griswold's military service from his annuity supplement calculation pursuant to the plain language of 5 U.S.C. § 8421(b)(4)(C), the relevant OPM regulations, and case law.  J.A. 5-8, 12-17.  Mr. Griswold appeals.

We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of a decision of the Board is circumscribed by statute.  We can set aside a Board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c) (2012).  We can set aside a Board decision that is "unsupported by substantial evidence when it lacks such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *McLaughlin v. Office of Pers. Mgmt.*, 353 F.3d 1363, 1369 (Fed. Cir. 2004) (quoting *Matsushita Elec. Indus. Co. v. United States*, 750 F.2d 927, 933 (Fed. Cir. 1984)).

Under 5 U.S.C. § 8421, a retiree who is entitled to an annuity may be eligible for an annuity supplement prior to age 62.  The calculation of the annuity supplement is based, in part, on the retiree's years of Federal service.  5 U.S.C. § 8421(b)(3)(A) (2002).  The term "service" as used in this statutory provision, however, excludes military service.  *Id.* § 8421(b)(4)(C).  Thus, Mr. Griswold's

military service must be excluded from the calculation of his annuity supplement under § 8421.[1]

Mr. Griswold argues that his military service should be included in the calculation for both his basic annuity and annuity supplement. Mr. Griswold points to 5 U.S.C. § 8411 to show that military service is "creditable service" under the relevant chapter of Title 5. Mr. Griswold is correct that § 8411 generally defines creditable service to include military service for the relevant chapter of Title 5. *See id.* § 8411; *see also* § 8401(26). Thus, while evidence indicates that Mr. Griswold made the necessary deposit to convert his military service to creditable service for the purposes of calculating his *basic annuity* under the FERS, this does not convert his military service to creditable service for calculation of his *annuity supplement*.

Section 8421 of Title 5, which defines the annuity supplement, exempts military service from subsection (b) of that provision. "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme," *Davis v. Mich. Dept. of Treasury*, 489 U.S. 803, 809 (1989), and, generally, "a specific statute controls over a general provision," *Almond Bros. Lumber Co. v. United States*, 651 F.3d 1343, 1354 (Fed. Cir. 2011) (citing *City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424 (2002)). Here, § 8411 broadly sets forth the definition of creditable service for the purposes of the FERS generally. Section 8421, which is focused on the calculation of the annuity supplement specifically, exempts military service from subsection (b) of that provision. As a result, Mr. Griswold's military service was properly excluded from the calculation of his annuity supplement.

---

[1] The relevant OPM regulation is in accord. *See* 5 C.F.R. § 842.504(a)(1).

We have considered the parties' remaining arguments. Because they do not affect the outcome of our decision, we do not address them.

## CONCLUSION

For all of the foregoing reasons, the decision of the Board is affirmed.

## **AFFIRMED**

## COSTS

No costs.